TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264

NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DOMANEEQ STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA;<br>DOES 1 through 20, inclusive, ROE<br>BUSINESS ENTITIES 1 through 20,<br>inclusive,<br><br>Defendants. | Case No. 2:25-cv-01190-GMN-NJK<br><br>**STIPULATION AND ORDER TO<br>EXTEND DISCOVERY**<br><br>**[First Request]** |

Plaintiff, Domaneeq Stewart, and Defendant, United States of America, by and through their respective counsel, hereby submit this proposed stipulation and extension for discovery in this case. This is the first request and the parties are seeking a 120 day extension of discovery deadlines.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    SUMMARY OF THE ARGUMENT**

Good cause and excusable neglect exist to extend and reopen discovery deadlines to permit the parties to disclose expert reports and time to complete scheduled depositions.

//

//

## II.    BRIEF STATEMENT OF THE CASE

Plaintiff Domaneeq Stewart (Stewart) sues the United States of America for injures she received as part of an automobile accident she was involved in. ECF No. 1.

On December 29, 2025, this Court set the following deadlines in this matter:

• Initial disclosures: December 26, 2025

• Amend pleadings/ add parties: January 23, 2026

• Initial experts: February 23, 2026

• Rebuttal experts: March 25, 2026

• Discovery cutoff: April 23, 2026

• Dispositive motions: May 25, 2026

• Joint proposed pretrial order: June 24, 2026, or 30 days after resolution of dispositive motions.

ECF No. 10 at 1:24-2:5.

Counsel for defendant, Nathan Claus was assigned as counsel on this case on March 12, 2026. Upon receiving the assignment, Mr. Claus reached out to opposing counsel, Palvin Jhita, to discuss the case and the next steps. Mr. Claus and Mr. Jhita were able to speak on the telephone on March 17, 2026, where they discussed the status of the case. Mr. Jhita represented to Mr. Claus that he had not retained experts based upon prior counsel's representation that the office of the United States Attorney's Office in the District of Nevada was having staffing issues that resulted in delays (as discussed below) and that there would likely need to be a request for extension of those deadlines. Mr. Jhita informed Mr. Claus about an upcoming deposition along with some outstanding discovery requests that he had sent to Defendants that were closing in on their due dates.

The parties then discussed the next steps on the case and agreed that they both needed to retain experts to provide reports, but also had agreed that the parties wanted to submit an early motion for summary judgement for the court on a narrow ground related to the SF-95 form that Plaintiff had submitted to the United States and that, depending on how the court would rule, it would entirely change the scope of discovery in this matter. The

2

request for the submission of an early motion for summary judgement is being filed currently with this motion.[1]

Good cause and excusable neglect exist for an extension of discovery by 120 days to allow the parties time to submit expert disclosures and to complete the remaining discovery.

**III.    STATEMENT OF DISCOVERY COMPLETED**

The parties exchanged initial disclosures on December 23, 2025.

On January 27, 2026, Plaintiff submitted Interrogatories, Requests to Produce, and Requests for Admissions to Defendant. Defendants are working on their responses to these documents now and expect to have them completed in 30 days.  Defendants submitted Requests to Produce and Interrogatories on February 3 and 26, 2026 (respectively).

Plaintiff noticed the deposition for Cpt Fedotova, the Air Force employee that was involved in the accident at issue in this case, that is currently set for March 24, 2026.

**VI.    STATEMENT OF DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties are also seeking to reopen the deadline for disclosure of experts. Along with the disclosure of those experts, the parties would like to take depositions for the experts.

**V.    STATEMENT OF GOOD CAUSE AND EXCUSABLE NEGLECT**

Under Local Rule 26-3, "[a] motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must . . . be supported by a showing of good cause for the extension." *See also* Fed. R. Civ. P. 16(b)(4). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, pursuant to Local Rule 26-3, any motion that requests an extension of any date set by a scheduling order must be received by the court no later than 21-days before the expiration of the subject deadline. Any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-

---

[1] Should the Court grant this joint request, the parties will be moving to stay the case pending the ruling of the court on the motion for summary judgment.

3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

This motion is made in good faith, without dilatory motive, not for the purposes of causing undue delay. The parties have been working together to complete discovery.

Excusable neglect for the request here is met because new primary counsel for Defendants was assigned this case on March 12, 2026. Mr. Claus immediately worked to work on resolving the deadlines for discovery and continue defending this case. This proposed order has been submitted as soon as possible to ensure that the Court is aware of the full case situation and have narrowed down the scope of the remaining discovery as part of their request here.

As for the excusable neglect for reopening the expert deadlines, new counsel has appeared on behalf of Defendant and has since his appearance has worked to complete the expert request forms in this office as fast as possible. Further, because this case involves medical care and disputes as to the scope of it, an expert will be helpful with the facts of this case for the trier of facts. The main reason for the delay with the discovery was related to staffing shortages in Defendant's counsel office. In addition, there has been an influx of immigration cases that have required immediate focus due to the shortened briefing schedules on those matters that required the limited staff power to focus there. There have also been leadership changes in the Civil Division of U.S. Attorney's Office in the District of Nevada that have resulted in several case reassignments, including this case.

Good cause is met here to extend discovery in this case because the parties are not seeking 120 more days for discovery for any purpose other than to allow discovery to be completed and for the completion of expert disclosures. The parties argue that these facts meet good cause and excusable neglect for the requested extension.

//

//

## VI.    PROPOSED SCHEDULE FOR COMPLETION OF DISCOVERY

Good cause and excusable neglect exists for a reopening of time of 120 days for the following deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Initial disclosures: | December 26, 2025 | April 27, 2026[2] |
| Amend pleadings/ add parties | January 23, 2026 | May 26, 2026[3] |
| Initial experts | February 23, 2026 | June 23, 2026 |
| Rebuttal experts | March 25, 2026 | July 23, 2026 |
| Discovery cutoff | April 23, 2026 | August 21, 2026 |
| Dispositive motions | May 25, 2026 | September 22, 2026 |
| Joint proposed pretrial order | June 24, 2026, or 30 days after resolution of dispositive motions. | October 22, 2026, or 30 days after resolution of dispositive motions. |

//
//
//
//
//
//
//
//
//
//

## VII.    CONCLUSION

[2] 120 days from this deadline falls on Saturday April 25, 2026, so the proposed deadline has been adjusted accordingly.

[3] 120 days from this deadline falls on Saturday, May 23, 2026, so the proposed deadline has been adjusted accordingly with May 25, 2026 being the Memorial Holiday as well.

The Parties submit that the facts and the argument contained herein constitute good cause to extend the discovery deadlines 120 Days.

DATED this 20th day of March 2026.          DATED this 20th day of March, 2026.

CLARK LAW GROUP, PLLC          TODD BLANCHE
                               Deputy Attorney General of the United States
                               SIGAL CHATTAH
                               First Assistant United States Attorney

/s/ Palvin S. Jhita                /s/ Nathan M. Claus
C. JARED CLARK, ESQ                NATHAN M. CLAUS
Nevada Bar No: 13672              Assistant United States Attorney
EVAN K. SIMONSEN, ESQ.           Nevada Bar No. 15889
Nevada Bar No. 13762             501 Las Vegas Blvd. South, Ste. 1100
PALVIN S. JHITA, ESQ             Las Vegas, NV 89101
Nevada Bar No. 16716
6655 W. Sahara Ave. Ste. A114    *Attorney for the Defendant*
Las Vegas, NV 89146

*Attorneys for Plaintiffs*


Dated:  March 23, 2026

**IT IS SO ORDERED:**

_____

**UNITED STATES MAGISTRATE JUDGE**